UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | )   |
|---|---|
| **LOUAY AWADH,** | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 15-cv-13993 |
| **TOURNEAU, INC.,** | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                     February 17, 2017

### I.   Introduction

Plaintiff Louay M. Awadh ("Awadh") has filed this lawsuit *pro se* against Defendant Tourneau, Inc. ("Tourneau") alleging violations under 42 U.S.C. § 1981 ("§ 1981"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Age Discrimination in Employment Act ("ADEA"), and the Family and Medical Leave Act ("FMLA"). D. 1 ¶¶ 2-3. Tourneau further construes Awadh's complaint to allege claims against Tourneau pursuant to Mass. Gen. L. c. 151B and Mass. Gen. L. c. 149, § 100. D. 17. Tourneau has moved to dismiss under Fed. R. Civ. P. 12(b)(5) as to all of the claims for failure of service of process and Fed. R.

1

Civ. P. 12(b)(6) as to some of the claims.[1]  D. 17.  Awadh has filed a motion for default judgment. D. 20.  For the reasons stated below, the Court **DENIES** Tourneau's motion to dismiss without prejudice, D. 17, and **DENIES** Awadh's motion for default judgment, D. 20.

## II.     Standard of Review

"When the sufficiency of process is challenged under Rule 12(b)(5), plaintiff bears 'the burden of proving proper service.'"  Morales v. Spencer, 52 F. Supp. 3d 362, 365 (D. Mass. 2014) (quoting Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992)).  While a return of service is generally accepted as *prima facie* evidence that service was validly performed, a defendant can provide other evidence to attempt to refute any presumption of valid service.  Id. (citing Blair v. City of Worcester, 522 F.3d 105, 111-12 (1st Cir. 2008)).

## III.    Factual Background and Procedural History

On December 1, 2015, Awadh filed a complaint against Tourneau.  D. 1.  The complaint alleges violations under § 1981, Title VII, the ADA, the ADEA, and the Family and Medical Leave Act.[2]  D. 1 ¶ 3.  On that same day the Court issued a summons for service by Awadh on Tourneau. D. 4.  Thereafter, on December 10, 2015, Awadh filed a "Proof of Summons Delivery" in which he stated that he "personally served the summons and a copy of the complaint on Tourneau's Counselor, Attorney Matthew D. Freeman, Esq., via US Postal Service."  D. 8 at 1.  On or around

---

[1]  Tourneau also filed a motion for leave to file a reply to Awadh's opposition, D. 30, with its reply brief attached, D. 30-1.  The Court grants this motion *nunc pro tunc* and has concerned that reply brief, D. 30-1, in its resolution of the pending motion to dismiss.

[2] Where Tourneau moves to dismiss based on service of process, the Court accepts as true the facts alleged in Awadh's complaint, D. 1, Tourneau's affidavit in support of its motion to dismiss, D. 19, and Awadh's affidavit of service, D. 21, for purposes of this motion.  The Court may consider such matters outside of the pleadings when deciding a motion to dismiss based upon lack of service of process under Rule 12(b)(5). SignalQuest, Inc. v. Tien-Ming Chou, 284 F.R.D. 45, 46 (D.N.H. 2012); Beatie & Osborn LLP v. Patriot Sci. Corp., 431 F. Supp. 2d 367, 384 (S.D.N.Y. 2006) (citing Darden v. DaimlerChrystler N. Am. Holding Corp., 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002)).

December 9, 2015, Freeman sent Awadh a letter indicating that he was not authorized to accept service on behalf of Tourneau. D. 19 ¶ 8; D. 21 ¶ 9. Awadh received this letter on December 19, 2015, D. 21 ¶ 9, and then mailed a summons and complaint to Tourneau's CEO Ira Melnitsky ("Melnitsky") via certified mail on December 22, 2015. D. 21 ¶ 11. Awadh also mailed a summons and complaint to Tourneau's Chairman Robert Wexler ("Wexler") via certified mail. D. 21 ¶ 12. On May 26, 2016, Tourneau filed a motion to dismiss. D. 17. Later that same day, Awadh filed proof of service in which he indicated that he mailed summons and copies of the complaint to Melnitsky and Wexler. D. 21. Also on May 26th, Awadh filed a motion for default judgment against Tourneau. D. 20. The Court heard the parties on the pending motion to dismiss and took the matter under advisement. D. 33.

## IV.     Tourneau's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5)

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of process must be satisfied." Aly v. Mohegan Council-Boy Scouts of Am., No. 08-cv-40099-FDS, 2009 WL 3299951 at *1 (D. Mass. Apr. 20, 2009) (citing Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987)). Where Tourneau challenges service of process pursuant to Rule 12(b)(5), Awadh has the burden of proving he effected proper service. Cichocki v. Massachusetts Bay Cmty. Coll., No. 15-cv-10663-JGD, 2016 WL 1239236, at *3 (D. Mass. Mar. 29, 2016) (citing Aly, 2009 WL 3299951, at *2).

### A.     Awadh Did Not Provide Sufficient Service of Process Under Rule 4

Tourneau argues that Awadh never provided effective service of process because Awadh first provided a complaint and summons to defense counsel via certified mail, D. 19 ¶¶ 6-8, and then sent the same to Tourneau's chairman and chief executive officer via certified mail, D. 18 at 6.

Rule 4(c) requires that a summons be served with a copy of the complaint, and that the plaintiff is responsible for having the summons and complaint served within the time frame allotted under Rule 4(m). Fed. R. Civ. P 4(c)(1); Fed. R. Civ. P 4(m). Rule 4(c) also requires that the individual serving the complaint and summons is not a party to the litigation. Fed. R. Civ. P. 4(c)(2). Rule 4(h) explains how a corporation, like Tourneau, must be served. That rule provides that "[u]nless federal law provides otherwise or the defendant's waiver has been filed," a corporation must be served within any judicial district of the United States in the manner prescribed by Rule 4(e)(1) for serving an individual or by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant. Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) states that proper service includes "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Effective December 1, 2015, Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); Cichocki, 2016 WL 1239236, at *5 n.2.

Awadh did not properly effect service of process upon Tourneau. A plaintiff cannot complete service of process via certified or registered mail. Payne v. Massachusetts, No. 09-cv-10355-PBS, 2010 WL 5583117, at *3 (D. Mass. Nov. 18, 2010), report and recommendation adopted, No. 09-cv-10355, 2010 WL 5583111 (D. Mass. Dec. 10, 2010); Aly, 2009 WL 3299951, at *2; Periyaswamy v. Perot Sys. Healthcare, No. 11-cv-11406-PBS, 2012 U.S. Dist. LEXIS 12983, at *5-6 (D. Mass. Jan. 13, 2012). Here, Awadh acknowledges that he tendered service via

certified mail, D. 8; D. 15; D. 21 ¶¶ 5, 11; D. 27 at 2-3, which does not constitute proper service of process.

Awadh did not provide proper service of process for an additional reason: Awadh himself cannot serve Tourneau. Rule 4 requires that service be completed by "[a]ny person who is at least 18 years old and not a party" to the litigation. Fed. R. Civ. P. 4(c)(2); see Payne, 2010 WL 5583117, at *3 (quoting Fed. R. Civ. P. 4(c)(2)); Periyaswamy, 2012 U.S. Dist. LEXIS 12983, at *5-6. In this case, Awadh himself mailed the summons and complaint to both defense counsel and the chairman. D. 8 at 1; D. 15 at 1.

Awadh's service of process was not only ineffective but also untimely. Rule 4(m) requires that a plaintiff serve defendants within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m); Egan v. Tenet Health Care, No. 15-cv-14169-FDS, 2016 WL 3561866, at *7 (D. Mass. June 27, 2016). Awadh filed this action on December 1, 2015, D. 1, but has yet to provide adequate service of process to Tourneau. Thus, Awadh has not met the requirement under Rule 4(m).

For these reasons, the Court concludes that Awadh has not filed sufficient service of process under Fed. R. Civ. P. 4.

**B.      The Court Grants an Extension of Time for Service of Process Under Rule 4**

Rule 4(m) provides, "if the plaintiff shows good cause for the failure [to effect proper service in a timely manner], the court must extend the time for service for an appropriate period." Good cause may be found when the plaintiff's failure to complete proper service in a timely fashion is related to (1) the actions of a third person, such as a process server; (2) a defendant evading service of process or engaging in misleading conduct; (3) the plaintiff acting diligently in trying to effect service or some understandable mitigating circumstance; and (4) the plaintiff proceeding *pro se* or *in forma pauperis*. McIsaac v. Ford, 193 F. Supp. 2d 382, 383 (D. Mass. 2002). The

5

fact that a plaintiff is *pro se*, however, "is not automatically enough to constitute good cause for purposes of Rule 4(m)." Id.; Payne, 2010 WL 5583117, at *4 (quoting McIsaac, 193 F. Supp. 2d at 383). "In determining what is and what is not good cause, the federal courts obviously are obligated to balance the clear intent of Rule 4(m) and the desire to provide litigants their day in court. Insisting on a timely service of process and assuring litigants a just adjudication on the merits of an action are not inconsistent, but over-emphasis on either could lead to undesired consequences." McIsaac, 193 F. Supp. 2d at 384.

There is good cause for allowing Awadh an extension of time to properly effect service on Tourneau. First, good cause can be established in part "where a pro se litigant can show confusion on his part, either because of his unfamiliarity with the rules, or because of his reliance on the misleading advice of others." Id. Awadh, *pro se*, appears to have been confused about the meaning of Freeman's letter indicating that he could not accept the service of process. Tourneau focuses upon the fact that the court provides *pro se* plaintiffs with guidance on the proper methods of service, such that *pro se* plaintiffs are not susceptible to confusion. D. 18 at 7. The Federal Rules of Civil Procedure, however, including rules related to proper service of process, are not necessarily intuitive and providing guidelines alone does not change this fact. See Aly, 2009 WL 3299951, at *3 (explaining that the "rules of service of process are certainly not intuitive" and that "relatively recent amendments to Rule 4(m) 'were meant to introduce a more liberal regime, particularly to benefit pro se litigants whose good faith missteps in effecting service might unfairly deprive them of their day in court'") (quoting McIsaac, 193 F. Supp. 2d at 384).

Even if Awadh's errors do not amount to good cause, the Court still has discretion to extend Awadh's time to properly effect service under Rule 4. Id. (citing Oyama v. Sheehan, 253 F.3d 507, 513 (9th Cir. 2001)); see also Cichocki, 2016 WL 1239236, at *5; Bell v. Rinchem Co., Inc.,

No. 14-cv-40177-TSH, 2014 WL 11290899, at *4 (D. Mass. Dec. 2, 2014) (internal citation omitted). When proper service was not completed and there is no good cause to excuse the improper service, a court's discretion to extend time for service is guided by three factors: (1) whether the party to be served received actual notice of the lawsuit; (2) whether the defendant would suffer prejudice; and (3) whether the plaintiff would be severely prejudiced if his complaint were dismissed. Bell, 2014 WL 11290899, at *4. In addition, courts consider whether the plaintiff acted in bad faith or intentionally failed to adhere to the rules. Aly, 2009 WL 3299951, at *3.

First, there is no indication from the record or from Tourneau's motion that Awadh acted in bad faith or that his failure to comply with the Federal Rules of Civil Procedure was purposeful. Instead the record indicates an attempt by Awadh—although erroneous—to provide prompt service of process. Specifically, Awadh filed his complaint on December 1, 2015 and filed a proof of summons delivery on December 10, 2015 stating that the summons and complaint he mailed had been received by defense counsel on December 4, 2015. D. 8. After defense counsel informed Awadh that he could not accept service of process, D. 19 at 2, Awadh filed a proof of summons delivery to the Court, stating that he served Melnitsky and Wexler with the summons and complaint on December 28, 2015. D. 15; see D. 21 ¶¶ 5-11; cf. Egan, 2016 WL 3561866, at *8 (rejecting a good cause extension because the plaintiff was alerted to the fact that service was insufficient and did not attempt to correct service in the intervening time nor request an extension of time to serve). This reflects diligence (albeit misguided) on Awadh's part and does not reflect bad faith. See Aly, 2009 WL 3299951, at *3-4 (providing an extension because "there is no evidence of dilatory motive or bad faith on plaintiff's part").

Moreover, Tourneau received actual notice of Awadh's claims, evidenced by the filing of this very motion to dismiss. D. 15; D. 17; D. 18; Payne, 2010 WL 5583117, at *4 (concluding that

7

"the defendant received actual notice of [Plaintiff's] claims against it and was able to file a response to those claims, in the form of its motions to dismiss"). In addition, there is no evidence of prejudice to Tourneau, because Tourneau had actual notice of the action and Awadh will receive only a finite extension of time to provide proper service. See Cichocki, 2016 WL 1239236, at *5 (explaining that given that the defendants have notice of the plaintiffs' claim, risk of prejudice from an extension of time is minimized). All of these factors weigh in favor of an extension of time for Awadh to provide proper service of process to Tourneau. Payne, 2010 WL 5583117, at *2, *4; Cichocki, 2016 WL 1239236, at *5.

For the foregoing reasons, the Court denies without prejudice Tourneau's motion to dismiss pursuant to Rule 12(b)(5). The Court grants Awadh an extension until March 10, 2017 to provide proper service of process to Tourneau pursuant to Fed. R. Civ. P. 4. If Awadh fails to complete proper service within the extended time period, Tourneau may renew its Rule 12(b)(5) motion to dismiss.

### C. The Court Denies Without Prejudice Tourneau's Alternative Grounds for Dismissal Under Rule 12(b)(6)

Tourneau has also moved to dismiss certain claims within Awadh's complaint pursuant to Rule 12(b)(6). D. 18 at 8-16. Given the insufficient service of process, "it would be premature to address the defendants' motion to dismiss" pursuant to Rule 12(b)(6). Cichocki, 2016 WL 1239236, at *6. Accordingly, Tourneau's motion to dismiss under Rule 12(b)(6) is denied without prejudice.

## V. Motion for Default Judgment

On the same day that Tourneau filed a motion to dismiss, D. 17, Awadh filed a motion for default judgment, D. 20. Awadh asserts that he is entitled to default judgment because Tourneau failed to file an answer within 21 days of service under Rule 12. D. 20 at 1. A plaintiff, however,

cannot obtain a default entry or judgment when the defendant was not provided with proper service of process. Jones v. Experian Info. Sols., Inc., No. 14-cv-10218-GAO, 2015 WL 854921, at *1 (D. Mass. Feb. 27, 2015); Nabatanzi v. Hillsborough Cnty. Dep't of Corr., No. 99-cv-415-M, 2001 WL 532088, at *3 (D.N.H. Apr. 19, 2001). Accordingly, Awadh's motion is denied.[3]

**VI.     Conclusion**

For the aforementioned reasons, the Court **GRANTS** Tourneau's motion for leave to file a reply *nunc pro tunc*, D. 30, **DENIES** without prejudice Tourneau's motion to dismiss, D. 17, and **DENIES** Awadh's motion for default judgment, D. 20. The Court grants Awadh until March 10, 2017 to provide proper service of process to Tourneau. The Court **DENIES** Awadh's motion to update defendant's new contacts, D. 16, and **DENIES** as moot his motion requesting the burden of proof and persuasion, D. 26.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge

---

[3] Awadh additionally filed a motion to update the defendant's new contacts, D. 16, and a motion requesting the defendant's burden of proof and persuasion, D. 26. The first motion, D. 16, is denied. The second motion, D. 26, is denied as moot in light of the Court's ruling on Tourneau's motion to dismiss pursuant to Rule 12(b)(5).